## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **KENNETH BRYANT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 17−cv−0159−NJR** |
| | ) | |
| **KIMBERLY BUTLER,** | ) | |
| **KENT E. BROOKMAN,** | ) | |
| **MICHAEL E. KEYS, and** | ) | |
| **WILLIAM SPILLER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**ROSENSTENGEL, District Judge:**

Plaintiff Kenneth Bryant, an inmate in Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff requests damages. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-

27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Amended Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

## The Amended Complaint

Plaintiff originally filed this suit on February 15, 2017, but he neglected to sign the Complaint. (Doc. 1). The Court directed him to do so no later than March 16, 2017, and on March 8, 2017, he filed the Amended Complaint with signature. (Doc. 7).

According to the allegations in the Amended Complaint, on March 2, 2015, an altercation took place on the yard at Menard Correctional Center involving multiple inmates. (Doc. 7, p. 5). Plaintiff was interviewed in connection with the incident, but he denies that he was involved or knew anything about it. *Id.* Spiller ultimately wrote Plaintiff a disciplinary ticket charging him with impeding an investigation, fighting, and dangerous disturbance. *Id.*

Brookman and Keys conducted the adjustment committee hearing and found Plaintiff guilty of fighting and dangerous disturbance, allegedly despite a lack of evidence. *Id.* Plaintiff was sentenced to one year segregation, one year C-grade, one year commissary loss, and one year good conduct credit loss. *Id.* Plaintiff also was transferred to Pontiac Correctional Center. *Id.* Butler signed off on the disciplinary report as Chief Administrative Officer. (Doc. 7-1, p. 4).

While at Pontiac, Plaintiff suffered from twenty-four hour lighting, banging, unsanitary showers, and other restrictions. (Doc. 7, p. 6). He was initially assigned to a cell where his cellmate had smeared feces and blood on the wall, floor, and door. *Id.* An inmate porter was sent to clean the cell but left before he completed the task. *Id.* Plaintiff was forced to clean the cell himself, but the smell persisted. *Id.* The toilet also was hanging off the wall, and the cell was infested with bugs. *Id.*

The charges against Plaintiff were ultimately expunged by the Administrative Review Board, and his good conduct credit was restored. *Id.*

### Discussion

Based on the allegations of the Amended Complaint, the Court finds it convenient to divide the *pro se* action into two counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

**Count 1 –**   Butler, Brookman, and Keys violated Plaintiff's due process rights when they found him guilty of disciplinary charges that were not adequately supported by the evidence in violation of his Fourteenth Amendment due process rights.

**Count 2 –**   Spiller wrote Plaintiff an unsubstantiated disciplinary report in violation of Plaintiff's Fourteenth Amendment due process rights

As to **Count 1**, when a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The Seventh Circuit Court of Appeals has adopted an extremely stringent interpretation of

*Sandin*. In this Circuit, a prisoner in disciplinary segregation at a state prison has a liberty interest in remaining in the general prison population only if the conditions under which he or she is confined are substantially more restrictive than administrative segregation at the most secure prison in that state. *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997). If the inmate is housed at the most restrictive prison in the state, he or she must show that disciplinary segregation there is substantially more restrictive than administrative segregation at that prison. *Id.* In the view of the Seventh Circuit Court of Appeals, after *Sandin* "the right to litigate disciplinary confinements has become vanishingly small." *Id.*

Prison disciplinary hearings satisfy procedural due process requirements where an inmate is provided: (1) written notice of the charge against the prisoner twenty-four hours prior to the hearing; (2) the right to appear in person before an impartial body; (3) the right to call witnesses and to present physical/documentary evidence, but only when doing so will not unduly jeopardize the safety of the institution or correctional goals; and (4) a written statement of the reasons for the action taken against the prisoner. *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974); *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988).

Not only must the requirements of *Wolff* be satisfied, but the decision of the disciplinary hearing board must be supported by "some evidence." *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994). To determine whether this standard has been met, courts must determine whether the decision of the hearing board has some factual basis. *Webb v. Anderson*, 224 F.3d 649 (7th Cir. 2000). Even a meager amount of supporting evidence is sufficient to satisfy this inquiry. *Scruggs v. Jordan,* 485 F.3d 934, 941 (7th Cir. 2007).

Here, Plaintiff has alleged that as a result of the due process violations, he was sentenced to one year segregation time at Pontiac prison, where he suffered from unconstitutional

4

conditions of confinement.[1] Specifically, Plaintiff has alleged that he was placed in an unsanitary cell that had plumbing issues and a vermin infestation, among other issues. At the pleading stage, this is a sufficiently plausible allegation that Plaintiff had a liberty interest in keeping out of segregation. Plaintiff also has alleged that he lost good time credit as a result of this incident which has since been restored. The discipline clearly implicated a liberty interest.

Plaintiff also has alleged that the discipline was not adequately supported by some evidence. His grievances also suggest that he may have been unable to present a defense because he was unclear on the nature of the charges against him and was not permitted to call his witnesses. These are sufficient grounds to proceed on his due process claim.

But Plaintiff's claim against Spiller in **Count 2** must be dismissed. Plaintiff has alleged that Spiller's report was unsubstantiated. He has not alleged that it was false or motivated by malfeasance or other bad faith. Significantly, allegations of false disciplinary reports do not state a claim where due process is afforded. *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984). The Seventh Circuit Court of Appeals has reasoned that the due process safeguards associated with prison disciplinary proceedings are sufficient to guard against potential abuses. A hearing before a presumably impartial Adjustment Committee terminates an officer's possible liability for the filing of an allegedly false disciplinary report. *Hawkins v. O'Leary*, 729 F. Supp. 600, 602 (N.D. Ill. 1990), relying on *Hanrahan v. Lane*, supra, 747 F.2d at 1141. The procedural requirements of a disciplinary hearing protect prisoners from arbitrary actions of prison officials. *McKinney v. Meese*, 831 F.2d 728, 733 (7th Cir. 1987). Here, Plaintiff has alleged that the report is merely unsubstantiated. The disciplinary committee allegedly violated his rights because they

---

[1] The Court did not construe the Amended Complaint as stating a conditions of confinement claim because Plaintiff did not name any Pontiac staff members, who would have been responsible for any such conditions, as defendants. Thus, this Order does not address any conditions of confinement claim Plaintiff may have.

relied on the report alone without considering the strength of the evidence. But Plaintiff received what process was due. Spiller may have written a weak report, but it was the adjustment committee's responsibility to evaluate it, which they abdicated. As there is no allegation that Spiller acted in concert with the adjustment committee or that he had an improper motive, this claim must be dismissed with prejudice.

Plaintiff has also sued defendants in their official and individual capacities. (Doc. 7, p. 8). But the individual defendants are not "persons" in their official capacities under § 1983 for the purposes of this suit. Plaintiff can only bring claims against individuals who were personally involved in the deprivation of which he complains. There is no supervisory liability in a § 1983 action; thus to be held individually liable, a defendant must be "'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). The only time it is appropriate to name a defendant in his or her official capacity is when a plaintiff seeks injunctive relief. *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Plaintiff is not seeking injunctive relief here, and his claims for damages may proceed against the defendants in their individual capacities. Therefore, to the extent that Plaintiff has attempted to bring claims against any defendant in their official capacity, those claims must be dismissed.

## Pending Motions

Plaintiff's motions addressing his *in forma pauperis* status (Docs. 2, 8, and 10) will be addressed by separate order. Plaintiff's motions requesting that the Court appoint him an attorney (Docs. 3, 9) are referred to Magistrate Judge Donald G. Wilkerson.

## Disposition

**IT IS HEREBY ORDERED** that **Count 1** survives threshold review. **Count 2** and Defendant Spiller will be dismissed with prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendants Butler, Brookman, and Keys: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not

been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will

8

cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  March 13, 2017**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**